```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


RAYMOND JAMES TRUST, N.A., TRUSTEE
OF E.C. CARE TRUST, A LOUISIANA TRUST                PLAINTIFF

v.                              CIVIL ACTION NO: 5:19-CV-103-DCB-MTP

NATCHEZ HOSPITAL COMPANY, LLC d/b/a
MERIT HEALTH NATCHEZ (NHC) formerly
d/b/a NATCHEZ REGIONAL MEDICAL
CENTER, formerly NATCHEZ COMMUNITY
HOSPITAL, L.L.C., MELISSA JONES, M.D.,
JENNIFER RUSS, M.D., DANITA WEARY, M.D.,
BONNIE VINES, R.N., LAURA USNIK, R.N.,
PATRICIA CALVIN, R.N., AND JOHN AND
JANE DOES A; B; C; D; and E                         DEFENDANTS
```

## ORDER AND MEMORANDUM OPINION

This matter is before the Court on a "Motion for Reconsideration of the Court's Order Regarding Plaintiff's Claim as to Failure to Transfer" [ECF No. 220] (the "Motion") filed by Defendants Natchez Hospital Company, LLC d/b/a Merit Health Natchez (NHC) formerly d/b/a Natchez Regional Medical Center, formerly d/b/a Natchez Community Hospital, L.L.C., Bonnie Vines, R.N., Patricia Calvin, R.N., and Laura Usnik, R.N. (collectively, the "Moving Defendants"). Defendant Danita Weary, M.D. ("Dr. Weary") has not joined this Motion. The

1

Moving Defendants and Dr. Weary are referred to collectively herein as the "Defendants". The Motion asks the Court to reconsider its Order [ECF No. 216] that denied the Moving Defendant's Motion for Partial Summary Judgment Regarding Lack of Transfer for Hypothermic Treatment [ECF No. 129]. The Court having examined the Motion, the parties' submissions, the record, and the applicable legal authority, and being informed in the premises, finds as follows:

## Background

On October 15, 2019, Raymond James Trust, N.A., Trustee of E. C. Care Trust, a Louisiana Trust ("Plaintiff"), filed this action against Defendants. [ECF No. 1]. Plaintiff alleges, among other things, negligence, breaches of the standard of care, and failure to supervise during and after delivery of the infant, E.C. In response to the Plaintiff's claims that E.C. needed (i) head cooling to minimize brain damage, and (ii) a transfer to a facility with a higher level of care, Id. ¶ 26, the Moving Defendants filed a Motion for Partial Summary Judgment Regarding Lack of Transfer for Hypothermic Treatment [ECF No. 129], which the Court denied [ECF No. 216].

Discussion

The Court agrees with the Moving Defendants that its prior order denying partial summary judgment was interlocutory, not final, because it did not dispose of all of the claims asserted. See, e.g., Catlin v. United States, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); accord Moody v. Seaside Lanes (In re Moody), 825 F.2d 81, 85 (5th Cir. 1987).  A court may reconsider an interlocutory order, such as a denial of summary judgment, under Federal Rule of Civil Procedure 54(b)[1] at any time prior to the entry of final judgment.  E.g., United States v. Horton, 622 F.2d 144, 148 (5th Cir. 1980)(earlier ruling on summary judgment may be reconsidered in the interest of judicial economy).

---

[1] Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> … Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED.R.CIV.P. 54(b).

The Moving Defendants request reconsideration of the Court's earlier ruling on partial summary judgment and repeat the argument that they previously made, which is that there is "*no evidence* whatsoever" in the record that a physician would have ordered a transfer for hypothermic treatment "under any circumstances." [ECF No. 221] at 4 (emphasis in the original). Without such evidence, the Moving Defendants assert that Plaintiff cannot prove causation. As they claim in the Motion: "the issue of causation depends entirely on whether the physician would have ordered the transfer." Id. at 6. Referring generally to the deposition testimony of the two treating pediatricians, Drs. Russ and Weary, the Moving Defendants state: "At *no point* did Dr. Russ or Dr. Weary testify that, had they known about E.C.'s cord blood gases and other history, they would have ordered a transfer." Id. (emphasis in the original).

Plaintiff points, however, to specific deposition testimony given by Dr. Russ that refutes the Moving Defendants' claim of a total absence of supporting deposition testimony from a physician. [ECF No. 223] at 8 (citing [ECF No. 223-4], Russ Dep. 71:3-7). The Court finds the testimony cited by Plaintiff,

4

along with the following additional testimony given by Dr. Russ, to be informative:

> Q: Did you know as a pediatrician that there is limited period of time when cooling actually helps the child's brain cells –
>
> A: Yes.
>
> Q: -- who has a hypoxic ischemic insult?
>
> [Objection to form]
>
> A: Yes.
>
> Q: What is the time period?
>
> A: From what I have read, it is six hours. Some studies go up to 12 hours and it can still show some benefit, but most studies stick to the six hours.
>
> Q: In other words, if you are going to try to help the child have its best opportunity to recover, that cooling needs to be done in the first six hours?
>
> [Objection to form]
>
> Q: Agree?
>
> A: Correct.
>
> Q: So when you arrived at 7 a.m., the following day, would you agree with me that that was beyond the time that cooling could be done?
>
> A: Correct.
>
> Q: If this child met the criteria for cooling, then that child needed to be transferred to Rapides and arrive there before the six hour timeframe had passed; would you agree with that?

>    A: Agreed, if she met the criteria.
>
>    Q: Right. Are you going to give any testimony about whether she met the criteria in those first six hours?
>
>    A. I couldn't physically because I had not examined her. You could go back and look at the records and see did she meet criteria from lab work and neurologic signs and that, but I couldn't speak to that because I had not examined her.

[ECF No. 223-4], Russ Dep., 69:25-71:15.

Contrary to the Moving Defendants' assertions, Dr. Russ did testify to the circumstances under which she agreed that E.C. needed to be transferred to another facility for cooling therapies.  Not having performed an examination of E.C. during six-hour time frame for administering cooling therapies, Dr. Russ explained that one could nonetheless "go back and look at the records and see did she meet criteria from lab work and neurologic signs" to warrant a transfer.  Plaintiff's expert, Dr. Inder, performed such an analysis and concluded that E.C. "fulfilled **ALL the criteria**" for hypothermic therapy.  [ECF No. 223-6] at 9 (emphasis in the original); 17 ¶ 13.

In sum, having reconsidered the parties' submissions and the record, the Court remains unpersuaded that the Moving Defendants are entitled to judgment as a matter of law on the facts presented.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

ACCORDINGLY,

IT IS HEREBY ORDERED AND ADUDGED that the Moving Defendants' Motion for Reconsideration of the Court's Order Regarding Plaintiff's Claim as to Failure to Transfer [ECF No. 220] is DENIED.

SO ORDERED AND ADJUDGED this 22nd day of November 2021.

                                                /s/   David Bramlette
                                    UNITED STATES DISTRICT JUDGE