IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


RAYMOND JAMES TRUST, N.A., TRUSTEE
OF E.C. CARE TRUST, A LOUISIANA TRUST                    PLAINTIFF


v.                          CIVIL ACTION NO: 5:19-CV-103-DCB-MTP


NATCHEZ HOSPITAL COMPANY, LLC d/b/a
MERIT HEALTH NATCHEZ (NHC) formerly
d/b/a NATCHEZ REGIONAL MEDICAL
CENTER, formerly NATCHEZ COMMUNITY
HOSPITAL, L.L.C., MELISSA JONES, M.D.,
JENNIFER RUSS, M.D., DANITA WEARY, M.D.,
BONNIE VINES, R.N., LAURA USNIK, R.N.,
PATRICIA CALVIN, R.N., AND JOHN AND
JANE DOES A; B; C; D; and E                             DEFENDANTS

<u>ORDER</u>

THIS MATTER is before the Court on the Omnibus Motion in

Limine [ECF No. 226] (the "Motion") of Defendants Natchez

Hospital Company, LLC d/b/a Merit Health Natchez (NHC) formerly

d/b/a Natchez Regional Medical Center, formerly d/b/a Natchez

Community Hospital, L.L.C. (the "Hospital"), Bonnie Vines, R.N.,

Patricia Calvin, R.N., and Laura Usnik, R.N. (collectively, the

"Moving Defendants").  Defendant Danita Weary, M.D. filed her

own motion in limine, [ECF No. 227], which the Moving Defendants

joined and incorporated by reference into their Motion.  <u>See</u>

Motion at 1 n.1.  The Court will address Defendant Weary's

motion in limine in a separate order.  Having read the Motion,

1

the parties' submissions, including Plaintiff's response in
opposition, and the applicable law, the Court finds as follows:

Discussion

In the Motion, the Moving Defendants raise thirty (30)
separate evidentiary items and ask the Court to preclude
Plaintiff Raymond James Trust, N.A., trustee of E.C. Care Trust,
a Louisiana trust ("Plaintiff"), from introducing or eliciting
any evidence, statement, or testimony related to each item.  The
Court will address each item as it is listed in the Motion.

1. Publishing Demonstrative Aids or Exhibits that Require
   Expert Testimony.

According to the Pre-Trial Order, Plaintiff has prepared
585 demonstrative exhibits.  [ECF No. 247-1].  Plaintiff claims
that its demonstrative exhibits are not evidence, do not
require authentication, and will assist the jury in
understanding the material being presented. [ECF No. 235] at
5.[1]  The Moving Defendants contend that these demonstrative
exhibits "relate to technical, scientific, or other specialized
knowledge that require expert testimony to lay a proper

---

[1] Plaintiff is reminded that under Local Uniform Civil Rule 7(b)(5)
respondent's memorandum brief may not exceed thirty-five pages.
Plaintiff's responding memorandum ([ECF No. 235]) is 49 pages in
length, which does not include exhibits.  The Court asks that all
parties respect our district's local rules.

foundation prior to publication to the jury."  Motion at 1-2.
The Moving Defendants request that Plaintiff only be permitted
"to show its demonstrative exhibits to the Court, the
testifying expert witness, and Defense counsel up and until a
testifying expert lays the proper foundation to allow admitting
the demonstrative."  Id. at 2.

Given the quantity, wide-ranging content, and various
formats of the demonstrative exhibits, the Court believes that
a blanket ruling would not be appropriate at this time.  The
Court will address the exhibits with the parties and any
objections thereto at the upcoming jury instruction conference
that is currently scheduled for June 22, 2022.  Accordingly, a
ruling on this item is DEFERRED until after the jury
instruction conference.

   2.  Any Reference to Community Health Systems.

The Moving Defendants assert that Community Health Systems
("CHS") is the parent corporation of the Hospital and that any
reference to CHS is not relevant to this litigation.  Motion at
2, 4.  The Moving Defendants further argue that references to
CHS would be highly prejudicial because a jury might mistakenly
infer that CHS would be financially responsible for a judgment
against the Hospital.  Id. at 4.  Under Federal Rule of Evidence
401, the Moving Defendants request that any references to CHS be

excluded, including those contained in multiple demonstrative exhibits submitted by Plaintiff.  Motion at 4-5 & Ex. B [ECF No. 226-2].

To the extent that the Moving Defendants' objection relates to the Plaintiff's demonstrative exhibits, the Court will address the exhibits and related objections with the parties at the upcoming jury instruction conference, which currently is scheduled for June 22, 2022.  To the extent that the Moving Defendants' objection relates to references in other forms, the Court will address any such objections as they arise at trial, except that, during voir dire, Plaintiff will be permitted to question prospective jurors about their stock ownership in, employment with, and other relevant prejudicial relationships with CHS.

3. <u>Any Reference to Merit Health Natchez or Community Health System's Liability Insurance</u>.

The Moving Defendants ask that Plaintiff's demonstrative exhibit No. 184 (which the Court understands to be No. 127 under the Plaintiff's revised numbering system) be excluded under Federal Rules of Evidence 402, 403 and 411.  Plaintiff agrees that it will not refer to Exhibit 184 regarding the Moving Defendant's insurance coverage during the liability phase of the trial, subject to the caveat "unless it should become relevant

4

at some point." [ECF No. 235] at 15-16.  Plaintiff also asserts
that it is entitled "to offer evidence of the amount of
liability coverage available to Defendants as an asset … to
satisfy a punitive damage award, without indicating that the
source of that asset is a liability insurance policy."  Id. at
16.  In short, Plaintiff wants permission to use Exhibit 184
during the punitive damage phase of the trial.

This issue is governed, in the first instance, by Federal
Rule of Evidence 411, which provides:

**Rule 411. Liability Insurance**

> Evidence that a person was or was not insured against
> liability is not admissible to prove whether the person
> acted negligently or otherwise wrongfully. But the court
> may admit this evidence for another purpose, such as
> proving a witness's bias or prejudice or proving agency,
> ownership, or control.

Fed. R. Evid. 411.

The Court finds that evidence regarding whether any
defendants in this case are or are not covered by insurance,
including Exhibit 184, is inadmissible as to the issue of
liability for their conduct.  Should Plaintiff seek to use
Exhibit 184 or other evidence of liability insurance coverage
for another purpose, Plaintiff must first seek the Court's
approval outside the presence of the jury.

4. Any Reference During Voir Dire of a Jury Award in Excess of $100 Million Dollars.

Relying on the theory of "anchoring"[2], the Moving Defendants ask the Court to exclude all references during voir dire to the projected amount of compensatory damages, which Plaintiff asserts to be in excess of $100 million.  Plaintiff opposes and cites to Green v. Highland Health Club, Inc., Civil Action No. 5:06-cv-152(DCB)(JMR), 2008 WL 168924, at *1 (S.D. Miss. Jan. 16, 2008).  In Green, the defense sought to exclude any questioning of prospective jurors at voir dire as to whether they could award a certain specified amount of actual damages if the evidence justified or supported it.  The Court held:

> Both parties are entitled to use voir dire to expose juror biases affecting their ability to render a fair and impartial verdict. Whether jurors could or could not award substantial or very substantial damages if they were justified by the proof is an acceptable inquiry under Mississippi law. *See Tighe v. Crosthwait,* 665 So.2d 1337, 1341 (Miss.1995).

The same reasoning is applicable here.  But, as in Green, the Court will hold this portion of the Motion in ABEYANCE, until the parties reveal to the Court the specific question proposed and specific objection thereto.

---

[2] The defense describes "anchoring" as the "highly prejudicial" practice of ascribing "a numerical value that has not been supported by admitted evidence and 'anchor' the jury to figures that have yet to be proven." Motion at 6.

6

   5. Any Testimony or Reference to Scientific Articles
      Published after the Relevant Time Period.

     The Moving Defendants request that any article relied on by

Plaintiff's experts that was published after March 2015 (the

time of E.C.'s birth) should be excluded because it cannot

establish the standard of care during the relevant time period,

unless the article explores the standard of care during that

period.  Motion at 7.  The Court finds persuasive the cases

cited by the defense.  Kanehl v. United States, No. CIV-12-811-

R, 2014 WL 12038881, at *2 (W.D. Okla. May 14, 2014)

("Furthermore, with regard to the … article, published after

Plaintiff's diagnosis, Defendant is correct that the article

offering then-current guidelines and recommendations cannot

establish the standard of care from 2003 through 2009, the

relevant time period, unless the article explores the historical

recommendations for HIV testing."); Adolphson v. United States,

545 F. Supp. 2d 925, 932 (D. Minn. 2008) ("The Court finds that

a standard of care set forth subsequent to plaintiff's surgery

cannot be held to establish defendants' duty on a prior date.

If the Court were to find otherwise, it would be tantamount to

finding Galen, Hippocrates, or Lister negligent for failing to

prescribe or use penicillin.").  Accordingly, the Moving

Defendants' request is GRANTED, and articles published after

March 2015 are excluded, unless such articles expressly address

the standard of care applicable during the time period relevant to E.C.'s care.

6. <u>Testimony or References to Future Medical Care and/or Expenses that Have Not Been Proven "Medically Necessary" by a Preponderance of the Evidence</u>.

Citing specific demonstrative exhibits that Plaintiff has proposed using, the Moving Defendants request that exhibits which reference surgeries that E.C. "might" need, rather than those she will "probably" need, should be excluded. The Moving Defendants rely on Federal Rule of Evidence 702 and argue that Plaintiff has failed to show by a preponderance of the evidence that the surgeries described in the exhibits will be medically necessary for E.C.

In its response, Plaintiff has agreed to eliminate a list of specific exhibits.  [ECF No. 235] at 17.  By the Court's count, that leaves exhibits 7, 16, 21, 39, and 25 in contention. The Court will take under advisement the contested exhibits and will address any objections to them at the upcoming jury instruction conference.  Accordingly, a ruling on exhibits 7, 16, 21, 39, and 25 is DEFERRED until after the jury instruction conference.

7. <u>Exhibits Referring to E.C.'s Eye Conditions and/or Craniosynostosis</u>.

The parties disagree regarding the cause of E.C.'s eye conditions and craniosynostosis.  The Moving Defendants request that certain of Plaintiff's demonstrative exhibits which reference such conditions be excluded under Federal Rule of Evidence 403.  The Moving Defendants have listed the specific exhibits at issue in the Motion.  Plaintiff counters that cross examination will mitigate any potential prejudice.  The Court believes the better course is to await the trial testimony before ruling on the exhibits listed by the Moving Defendants; therefore, the request regarding E.C.'s eye conditions and craniosynostosis is DENIED at this time but may be re-urged at trial.

8. <u>Irrelevant and Unsupported Description of Home Health Agencies</u>.

The Moving Defendants ask the Court to exclude four (4) of Plaintiff's demonstrative exhibits (i.e., numbers 26, 28, 41 and 52) regarding the function of home health agencies and the need for four (4) licensed vocational nurses or registered nurses to care for E.C.  In response, Plaintiff has agreed to eliminate exhibits 28 and 52 but asserts that information regarding the services provided by home health agencies is relevant.

9

Plaintiff further asserts that the level of nursing care that
E.C. needs is relevant and is an issue which is covered by
Plaintiff's experts.

The Court is not convinced that information regarding a
home health agency's administration of its employees' benefits
is relevant to prove E.C.'s future medical needs and GRANTS the
Moving Defendants' request to exclude that portion of Exhibit
26.  However, the Court will not exclude at this time testimony
and evidence regarding the level of nursing care that E.C.
needs.  That portion of the Moving Defendant's request is DENIED
but may be revisited upon presentation of proof at trial.

9. <u>Questions for Nurses that Exceed the Scope of their
   Practice</u>

The Moving Defendants request that the Court limit the
scope of the testimony that may be given by the nurse defendants
in this action. The Court is not inclined to do so at this time.
The Court will await the testimony at trial and the presentation
of proper objections, if any, before making any such ruling.
The Moving Defendants' request is therefore DENIED.

10. <u>Any Reference to the Routine Pitocin Policy</u>.

The Moving Defendants object to any reference to the
Hospital's "Routine Pitocin Policy", which was one of two such
policies in use at the Hospital at that time.  Citing Federal

Rule of Evidence 403, the Moving Defendants argue that the
Routine Pitocin Policy was not used during Lacie Cupit's labor
and therefore any reference to the policy would (i) be
irrelevant, (ii) have no probative value, (iii) be prejudicial,
and (iv) be confusing to the jury.  The Court finds that the
requested limitation on the scope of the nurses' testimony is
premature at this time.  The Moving Defendants' request for
exclusion of the Routine Pitocin Policy under Federal Rule of
Evidence 403 is DENIED.

  11. <u>Testimony or Reference to Manufacturer's
    Recommendations Regarding the Use of the Kiwi Vacuum as
    the Standard of Care</u>.

  Relying again on Federal Rule of Evidence 403, the Moving
Defendants request that Plaintiff, its counsel, and witnesses be
prohibited from referring to the manufacturer's recommendations
regarding the use of the Kiwi Vacuum as the standard of care.
Motion at 12.  The Moving Defendants argue that the
manufacturer's recommendations do not establish the standard of
care applicable to Dr. Jones and the nursing staff, would
confuse the jury, and would be highly prejudicial to defendants.
<u>Id.</u>  Plaintiff argues that the manufacturer's recommendations
alone do not establish the standard of care but merely support
the testimony of its expert as to what the proper standard of
care was in this case.  [ECF No. 235] at 24.

The Court believes that the prudent course is to defer a ruling on this issue until trial. The Moving Defendants' request regarding the Kiwi Vacuum manufacturer's recommendations is therefore HELD IN ABEYANCE.

12. <u>Expert Opinions that Hospital Policies and Procedures Set the "Standard of Care"</u>.

The Moving Defendants request that Plaintiff be prevented from introducing or eliciting any evidence, statement, or testimony that hospital policies and/or procedures ***set*** the standard of care. Motion at 13. It appears to the Court that Plaintiff is not wholly at odds with the substance of this request because Plaintiff maintains: " … Plaintiff is not representing that the hospital's internal policies establish the standard of care, but rather the policies are used to support our experts' testimony as to what the standard of care is and whether the defendants met the standard of care." [ECF N. 235] at 25; cf. <u>Quijano v. United States</u>, 325 F.3d 564, 568 (5th Cir. 2003) (under Texas law, "a hospital's internal policies and bylaws may be evidence of the standard of care, but hospital rules alone do not determine the governing standard of care."). Accordingly, the Court GRANTS the Moving Defendants' request to the extent that Plaintiff will be prevented from introducing or eliciting any evidence, statement, or testimony that hospital

policies and/or procedures _**alone set**_ the standard of care.
Those policies and/or procedures may be used, however, to
support, along with other appropriate evidence, expert testimony
regarding the standard of care  in the community.

13. <u>Evidence or testimony concerning the net worth or
relative wealth of the parties</u>.

The Moving Defendants seek to exclude evidence or testimony
concerning the net worth or relative wealth of the Plaintiff and
the defendants and further seeks to exclude Plaintiff's
demonstrative exhibit 171.  In its response, Plaintiff agrees to
eliminate exhibit 171 but asserts that it is entitled to offer
evidence of the defendants' net worth during the punitive
damages phase of the trial.  The Court GRANTS the Moving
Defendants' request to exclude net worth or relative wealth
testimony, including exhibit 171, during the liability phase of
the trial.  To the extent that Plaintiff seeks to offer evidence
of the defendants' net worth during the punitive damages phase
of the trial, Plaintiff first must seek the Court's approval
outside the presence of the jury.

14. <u>Any reference by Plaintiff's counsel or witnesses
regarding their experience or research as to the value
of similar claims</u>.

The Court agrees that reference to the value of a similar
claim, whether from research or personal experience, would be

prejudicial to the defendants, and the Court therefore GRANTS the Moving Defendants' request to exclude any such reference under Federal Rule of Evidence 403.

15. Any Reference of a Non-Expert's Medical Research.

The Court agrees that lay witnesses are not qualified to give medical opinions. FED. R. EVID. 701. Lay-witness testimony in the form of an opinion cannot be based on scientific, technical or other specialized knowledge within the scope of Federal Rule of Evidence 702. See FED. R. EVID. 701(c). Accordingly, both parties are prohibited from introducing or eliciting any lay-witness evidence, statement or testimony in the form of a medical opinion. The Court DEFERS until trial the issue raised by Plaintiff regarding the potential testimony of a nurse who has been deposed in this action and has researched medical issues as part of the nurse's education or training.

16. Any Testimony or Expert Opinions Outside E.C.'s Medical Records or Plaintiff's Expert Designations.

The Moving Defendants request a limitation on the matters that Plaintiff's experts will be allowed to testify about at trial. Specifically, the Moving Defendants ask the Court to prohibit Plaintiff's experts from testifying about any matters (i) not contained in E.C.'s medical records or (ii) outside of Plaintiff's expert disclosures. Plaintiff argues that it should

be permitted to use its experts to rebut or impeach the testimony and reports provided by defendants' experts. Plaintiff further argues that it should not be required to wait and call its experts back to testify in rebuttal because its experts are not local, they already have made arrangements to appear during Plaintiff's case-in-chief, and holding them for rebuttal would be inefficient and costly.

Subject to the exceptions stated herein, the Court will limit the expert testimony for both Plaintiff and the defense to the matters contained in E.C.'s medical records and the party's respective expert designation, except that:

(i) any party may call its own expert to rebut another party's expert's testimony; and

(ii) if, in a specific situation, waiting to call Plaintiff's expert in rebuttal will cause an undue hardship, Plaintiff may present its situation to the Court, outside of the hearing of the jury, and request special dispensation.

17. <u>Any Reference to Hearsay of Medical Providers</u>.

Arguing hearsay under Federal Rules of Evidence 801 and 802, the Moving Defendants ask the Court to instruct all lay witnesses to refrain from testifying about "information that the lay witness may have been told by any doctors or other medical

providers pertaining to E.C.'s medical treatment and claimed medical conditions."  Motion at 15.  Plaintiff counters that any such statements would not be offered to prove the truth of the matter asserted and therefore would not be hearsay under Federal Rule of Evidence 801.  In the alternative, Plaintiff argues that such statements fall under the "then-existing mental, emotional or physical condition" exception to hearsay found in Federal Rule of Evidence 803(3). [ECF No. 235] at 28-29.

If the Moving Defendants wish to propose language for an instruction to lay witnesses, they should submit such language to the Court and Plaintiff in advance of trial.  The Court will review and consider the proposed instruction.  Any issues regarding hearsay testimony will be dealt with at trial, upon the lodging of a proper objection.

18.  <u>Any Reference to the Guidelines Used by Other Facilities</u>.

The Moving Defendants raise issues with Plaintiff's demonstrative exhibits 22, 21, 48 and 49. In general, the Moving Defendants argue that these exhibits do not describe the standard of care, "but merely state the standards of another hospital facility" and that they have not been properly authenticated under Federal Rule of Evidence 901.  Motion at 16-17.  Plaintiff argues that these exhibits will be authenticated when their experts testify at trial and can be used by their

16

experts to illustrate what the standard of care is.  [ECF No. 235] at 29.

While the Court is inclined to agree, at least in part, with the Moving Defendants, the Court will consider additional argument on this portion of the Motion at the upcoming jury instruction conference. This portion of the Motion is HELD IN ABEYANCE for further discussion at the jury instruction conference.

19. <u>Any Reference by Plaintiff's Witnesses to a Scientific Source that has not been Produced in Discovery</u>.

In reliance on Rule 26 of the Federal Rules of Civil Procedure, the Moving Defendants seek to exclude Plaintiff's demonstrative exhibits that introduce or make reference to expert sources that (1) do not have a citation to a scientific source or (2) cite an expert source that has not been produced for defendants' review.  Specifically, the Moving Defendants challenge Plaintiff's demonstrative exhibits 79-84, 113, 117, 164, 165, 246-248, 268.  Motion at 17-18.  Plaintiff responds generally that "[e]vidence used for impeachment is not required to be disclosed by Rule 26(a)(2)", [ECF No. 235] at 30, and also repeats its opening remarks in support of demonstrative exhibits.  <u>Id.</u> at 3-5.

The Court finds that the Moving Defendants make some valid points, but the Court will await additional argument from the

17

parties on these issues at the upcoming jury instruction
conference.  This item is therefore HELD IN ABEYANCE for further
discussion at the jury instruction conference.

    20. <u>Any Reference to Informed Consent</u>.

    The Moving Defendants seek to exclude certain demonstrative
exhibits that refer to "informed consent" because "Plaintiff's
Complaint does not allege a claim that Merit Health Natchez is
liable for failing to obtain informed consent at any point
during E.C.'s and Lacie Cupit's care … ."  Motion at 19.  The
Moving Defendants argue that under Federal Rule of Evidence 401,
402 and 403 any reference to informed consent is irrelevant to
this action.  <u>Id.</u>  Plaintiff counters that informed consent is
relevant to its case because Lacie Cupit consented to a C-
section and Plaintiff has advanced the argument that defendants
should have converted the delivery procedure to a C-section.
[ECF No. 235] at 32.

    The Court believes it prudent to await the testimony at
trial before deciding the relevancy issue raised in this item.
The Moving Defendants' request to exclude any reference to
"informed consent" is DENIED at this time, but, upon proper
objection, may be revisited at trial.

21. <u>Any Reference to a Deposition of a Witness who is not a Party, Except for Impeachment or Unavailability</u>.

The Moving Defendants appear to be asking the Court to exclude the deposition testimony of a nonparty except in cases where the testimony is used for impeachment or in accordance with the unavailability requirement of Federal Rule of Civil Procedure 32(a)(4).[3]  Motion at 19.  Citing <u>Moore v. Miss. Valley</u>

---

[3] Federal Rule of Evidence 32 provides in pertinent part:

**Rule 32. Using Depositions in Court Proceedings**
**(a) Using Depositions.**
**(1)** ***In General.*** At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
**(A)** the party was present or represented at the taking of the deposition or had reasonable notice of it;
**(B)** it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
**(C)** the use is allowed by Rule 32(a)(2) through (8).
**(2)** ***Impeachment and Other Uses.*** Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.
**(3)** ***Deposition of Party, Agent, or Designee.*** An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).
**(4)** ***Unavailable Witness.*** A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
**(A)** that the witness is dead;
**(B)** that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
**(C)** that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
**(D)** that the party offering the deposition could not procure the witness's attendance by subpoena; or
**(E)** on motion and notice, that exceptional circumstances make it desirable--in the interest of justice and with due regard to the importance of live testimony in open court--to permit the deposition to be used.
**(5)** ***Limitations on Use.***

19

State Univer., 871 F.2d 545, 552 (5th Cir. 1989), the Moving Defendants further assert that the party offering the deposition has the burden to establish the unavailability of the witness. Motion at 20.  To the extent that the Moving Defendants are asking the Court to follow Federal Rule of Civil Procedure 32(a)(4), the request seems unnecessary but is GRANTED.  See also FED. R. EVID. 804(a)(5).  The Court further agrees that the party offering the deposition in lieu of live testimony has the burden of establishing the unavailability of the witness, except when the deposition is used to impeach.  To the extent that the Moving Defendants are requesting something different, they will need to clarify their position at trial upon the filing of a proper objection.

---

**(A)** *Deposition Taken on Short Notice.* A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place--and this motion was still pending when the deposition was taken.
**(B)** *Unavailable Deponent; Party Could Not Obtain an Attorney.* A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

FED. R. CIV. P. 32(a)(1)-(5).

22. <u>Expert Deposition Testimony in Which the Expert was Asked about an Article, but Plaintiff's Counsel Refused to Show It</u>.

The Moving Defendants claim that Plaintiff's counsel questioned defense experts in depositions about specific articles but never produced such articles for the defense experts to review.  Motion at 20.  Plaintiff offers a different version of the events during the depositions.  [ECF No. 235] at 33.  The Moving Defendants further claim that such articles are hearsay unless they are established as a reliable authority under Federal Rule of Evidence 803(18).  Plaintiff agrees that the articles at issue can and will be properly authenticated by Plaintiff's experts at trial. <u>Id.</u>

The Court agrees that such articles require authentication in accordance with Federal Rule of Evidence 803(18),[4] and the

---

[4]  Federal Rule of Evidence 803 provides in relevant part:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

...

**(18) Statements in Learned Treatises, Periodicals, or Pamphlets.** A statement contained in a treatise, periodical, or pamphlet if:
**(A)** the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and
**(B)** the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice.
If admitted, the statement may be read into evidence but not received as an exhibit.

FED. R. EVID. 803.

Court will require strict compliance with said rule of evidence
at trial.  Therefore, to the extent that Moving Defendants are
requesting the Court to exclude statements contained in the
published articles at issue that are not authenticated at trial
in accordance with Federal Rule of Evidence 803(18), this
portion of the Motion is GRANTED.

> 23. Statements from Literature Presented to the Jury via
>     Visual Aid.

Citing Federal Rule of Evidence 803(18), the Moving
Defendants ask the Court to prohibit Plaintiff from presenting
any visual aids to the jury that contain statements admitted
from learned treatises, periodicals or pamphlets; instead, the
Moving Defendants argue that such statements can only be read to
the jury.  Plaintiff urges the Court to defer a ruling on this
evidentiary matter until trial.

Regarding statements from learned treatises, Federal Rule
of Evidence 803(18) provides:  "If admitted, the statement may
be read into evidence but not received as an exhibit." FED. R.
EVID. 803(18); see note 4 supra for text of rule.  The rule makes
it clear that, when the requirements for authentication are met,
the statement may be read into evidence, but it may not be
received as an exhibit.  Id.; see Finchum v. Ford Motor Co., 57
F.3d 526, 532 (7th Cir. 1995) ("Under Rule 803(18), statements
contained in a published periodical which are relied upon by an

expert witness may be admitted, *but they must be read into evidence* rather than received as exhibits." (emphasis added).

However, neither party has presented the Court with clarifying case precedent that addresses what seems to be the issue raised here:  Can authenticated statements from learned treatises and publications that are read into evidence also be presented to the jury via visual aids (such as demonstrative exhibits) that are not admitted into evidence?  In addition, the parties have not submitted to the Court the purported visual aid(s) that are, or may become, at issue.  Given the absence of information presented to the Court, the Moving Defendants request is HELD IN ABEYANCE until such time as the parties can present the Court with the precise visual aid(s) at issue.

24. <u>Golden Rule</u>.

The Moving Defendants request the exclusion of "any argument, testimony or evidence by Plaintiff's counsel that the jury should put themselves in the Plaintiff's position or to value their own pain in judging the Plaintiff's pain and suffering."  Motion at 21.  In other words, the Moving Defendants request a prohibition on "Golden Rule" arguments.[5]

---

[5] A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them.  <u>Whitehead v. Food Max of Miss., Inc.</u>, 163 F.3d 265, 278 (5th Cir. 1998); <u>Garth v. RAC Acceptance E., LLC</u>, No. 1:19-CV-192-DMB-RP, 2021 WL 4860466, at *5 (N.D. Miss. Oct. 18, 2021).

Plaintiff counters with Johnson v. Aarons, Inc., No. 2:17-cv-137, 2019 WL 5847886, at *3 (S.D. Miss. July 3, 2019), a Southern District decision that denied a blanket prohibition on Golden Rule arguments.  The court in Johnson found:

> The Fifth Circuit has forbidden plaintiff's counsel to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them. *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982). The rule's purpose is to reduce the risk of a jury decision based on emotion rather than trial evidence. While courts have found that the use of a Golden Rule argument may so taint a verdict as to be grounds for a new trial, *id.* at 496-97, in some instances, it does not. According to the Fifth Circuit in *Stokes v. Delcambre*, the court explained that use of the Golden Rule argument is improper only in relation to damages. 710 F.2d 1120, 1128 (5th Cir. 1983). It is not improper when urged on the issue of ultimate liability. *Id.* In *Stokes*, the objected-to use of the Golden Rule argument was a request that the jury put themselves in the plaintiff's place to determine whether his fears and resultant failure to request help were reasonable. *See id.* at 1121. This determination went to the ultimate question of liability, not the amount of damage, and the appellate court found it was not reversible error on the part of the plaintiff's counsel.

Johnson, 2019 WL 5847886, at *2; but cf. Jackson v. Low Constr. Grp., LLC, No. 2:19-CV-130-KS-MTP, 2021 WL 1030995, at *1 (S.D. Miss. Mar. 17, 2021) (granting defendants' motion in limine to exclude Golden Rule arguments that encourage the jury to decide the case on the basis of personal interest and bias rather than on the evidence).

The Court is unable to determine in advance of trial whether or not Plaintiff may offer such arguments for a proper purpose.  Therefore, to the extent that the Moving Defendants are requesting a blanket prohibition without exception on all "Golden Rule" arguments, the motion is DENIED at this time.  At trial, the Court will permit Plaintiff to seek permission, outside of the presence of the jury, to make such arguments solely with respect to issues of liability, subject to the Court's ruling on contemporaneous defense objections.  The Court warns the parties that it will not allow arguments that ask the jury to decide the case based on anything other than the evidence.  See Stokes, 710 F.2d at 1128.

25. Reptile Theory.

The Moving Defendants request the Court to prohibit Plaintiff "from asking any 'Reptile Theory' questions, i.e., questions regarding patient safety" and to exclude specific demonstrative exhibits proposed by the Plaintiff that allegedly discuss "patient risk, patient safety, 'protecting' a patient, and/or danger."  Motion at 22.  At issue are Plaintiff's demonstrative exhibits 51, 55-59, 63-65, 110, 227-28, and 231-34.  Id.

"The term 'reptile theory' refers to a book advancing a trial tactic in which attorneys appeal to jurors' 'reptile

brain,' by appealing to their fear, anger, and desire for personal safety." Jackson v. Low Constr. Grp., LLC, No. 2:19-CV-130-KS-MTP, 2021 WL 1030995, at *2 n.1 (S.D. Miss. Mar. 17, 2021). The district court in Jackson also noted: "At least two federal judges in this state have excluded such 'reptile theory' arguments. *Woulard v. Greenwood Motor Lines, Inc.*, 2019 WL 3318467, at *2-*3 (S.D. Miss. Feb. 4, 2019); *Grisham v. Longo*, 2018 WL 4404069, at *1 (N.D. Miss. Sept. 14, 2018)." Jackson 2021 WL 1030995, at *2.

While the Court is inclined to agree with the Moving Defendants on this issue, the Court will consider additional argument on the specific demonstrative exhibits listed above at the upcoming jury instruction conference. This portion of the Motion is therefore HELD IN ABEYANCE.

26. Photographs and/or Visual Aids depicting Cranial Vault Remodel for Craniosynostosis.

Citing Federal Rules of Evidence 402 and 403, the Moving Defendants ask the Court to exclude Plaintiff's demonstrative exhibits 304 and 322, which depict images of a cranial vault remodel for craniosynostosis. A ruling on this request is DEFERRED until trial.

27. <u>Mississippi Law</u>.

According to the Moving Defendants, Plaintiff's exhibits 157, 167, 168 and 169 define Mississippi law and should not be shown to the jury until the Court instructs the jury on the law. The Moving Defendants further request that, if these exhibits are inconsistent with the Court's instruction on the law, such inconsistencies should not be shown to the jury. Plaintiff objects to the prohibition of "the use of a hypothetical demonstrative aid." [ECF No. 235] at 47.

The Court finds that the precise exhibits enumerated by the Moving Defendants are not hypothetical as Plaintiff suggests. The Court further finds this portion of the Motion to be well-taken, and it is therefore GRANTED. The Court is nonetheless open to discussing the above-enumerated exhibits at the upcoming jury instruction conference if the parties would find that useful.

28. <u>Dr. Kevin J. Jeansonne's Second Addendum and Changed Opinion</u>.

The Moving Defendants correctly state that, pursuant to this Court's order dated June 22, 2021 [ECF No. 204], any reference to Dr. Jeansonne's Second Addendum to his 2015 MRI report and/or his changed opinion regarding E.C.'s 2015 MRI will be excluded at trial. Motion at 23. The Court also finds that

27

Plaintiff's exhibit 275 violates the Court's order and will be excluded at trial.  The Court will consider additional argument from the parties on Plaintiff's exhibits 273 and 276 at the upcoming jury instruction conference.  Apart from ruling on exhibits 273 and 276 which are subject to additional argument, this portion of the Motion is GRANTED.

29. <u>Plaintiff's Counsel and Experts Cannot Mention any Alleged Breach of the Standard of Care for Nursing Defendants' Failure to Advocate for Treatment of Seizures</u>.

The Moving Defendants request compliance at trial with the Court's order dated August 26, 2021, [ECF No. 214], which granted partial summary judgment to the Moving Defendants on Plaintiff's claim that the nurses failed to advocate to Dr. Weary for the treatment of E.C.'s seizures.  Motion at 26.  Plaintiff agrees that it will comply with the Court's order.  [ECF No. 235] at 49.  There being no issue amongst the parties, this item is GRANTED.

30. <u>Any Remedial Measures or Lack Thereof</u>.

Lastly, the Moving Defendants essentially ask the Court to enforce Federal Rule of Evidence 407, which provides in pertinent part: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: … negligence;

[or] culpable conduct … ." Motion at 24. Plaintiff responds
that it is not aware of any remedial measures taken by
defendants since E.C.'s delivery and that it will comply with
the Federal Rules of Procedure and Evidence. [ECF No. 235] at
49. Plaintiff further suggests that any violations of those
parameters should be dealt with in the context of trial if they
occur, and the Court agrees. It appears to the Court that there
is no actual controversy amongst the parties at this time
regarding remedial measures and compliance with Federal Rule of
Evidence 407. This item therefore is GRANTED.

SO ORDERED this 21st day of June 2022.

/s/   David Bramlette
UNITED STATES DISTRICT JUDGE